# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. MONTGOMERY FOLEY, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-72 Erie |
| v. | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

Presently before the Court are the parties Cross-Motions for Summary Judgment, the Report and Recommendation of United States Magistrate Judge Susan Paradise Baxter, Plaintiff's Objections to the Report and Recommendation and Defendant's Response to the Objections. For the reasons set forth below, Plaintiff's objections are overruled, the Magistrate Judge's Report and Recommendation is adopted, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.

## **I. PROCEDURAL HISTORY**

Plaintiff, T. Montgomery Foley, has appealed from the final decision of the Commissioner of Social Security Administration denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* Plaintiff originally filed an application on February 20, 2002 and his application was denied. Following a hearing before an administrative law judge ("ALJ"), the ALJ issued a decision finding Plaintiff was not disabled during the relevant time period and denied his claim for benefits. The Appeals Council subsequently vacated this decision and remanded the case for re-hearing.

On remand, a *de novo* hearing was held before a different ALJ on May 5, 2005. The ALJ issued a decision on August 9, 2005 finding Plaintiff was not eligible for benefits and the Appeals Council denied Plaintiff's request for review on January 23, 2006.

Plaintiff subsequently initiated a civil action in this Court on March 23, 2006 challenging the final decision of the Commissioner. We referred this case to United States Magistrate Judge

1

Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [Doc. No. 30], filed on May 20, 2008, recommended that Plaintiff's Motion for Summary Judgment [Doc. No. 25] be denied and that Defendant's Motion for Summary Judgment [Doc. No. 27] be granted. The Magistrate Judge concluded that: (1) the ALJ's failure to have characterized Plaintiff's headaches as a severe impairment was harmless error in light of the fact that the ALJ found Plaintiff's neck condition to be a severe impairment and the limitations associated with Plaintiff's neck and head pain were adequately addressed by the ALJ in his assessment of Plaintiff's residual functional capacity; (2) the ALJ's failure to obtain a consultative psychological and/or mental health evaluation was supported by substantial evidence; (3) the ALJ's finding that Plaintiff's MRI evidence did not warrant additional functional limitations was supported by substantial evidence; and (4) the ALJ provided appropriate rationale and reasoning to support his rejection of Plaintiff's treating physician's opinion with respect to his functional limitations. See Report and Recommendation [Doc. No. 30]. Plaintiff has timely filed Objections [Doc. No. 31] and Defendant has filed a Response to the Objections [Doc. No. 32]. This matter is now ripe for our review and determination.

## II. STANDARD OF REVIEW

When a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in *de novo* review of the issues raised on objection. 28 U.S.C. §636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3rd Cir. 1989). In so doing, the court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).

## III. Discussion[1]

We have carefully reviewed the record *de novo*, as well as Plaintiff's objections to the Magistrate Judge's Report and Recommendation, and agree with the Magistrate Judge's conclusions relative to the merits as set forth above. We write separately however, since we find an additional ground to overrule Plaintiff's objection with respect to the ALJ's finding at step two of the sequential evaluation process relative to Plaintiff's alleged headache condition.

At step two of the five-step sequential process it is incumbent upon the ALJ to "[determine] whether the claimant has a medically severe impairment or combination of impairments." *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987). An impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Examples of basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

Here, the ALJ found that Plaintiff's headache condition was not a severe impairment because an MRI of his brain was reported as normal and he obtained relief through the use of over-the-counter Advil (AR 18). In this regard, the Magistrate Judge observed:

> In this case, the ALJ's application of the two-step severity determination was too restrictive, in that the ALJ considered the severity of Foley's headache condition separate and apart from Foley's "severe" cervical condition, with which the headaches were closely associated in the medical record. This was an error. The medical record makes clear that Foley's headaches, **in combination with** his degenerative cervical condition, had more than a minimal effect on his ability to work and, thus, constituted a severe impairment. Nonetheless, the ALJ's failure to characterize Foley's headaches as a severe impairment, when considered in combination with his cervical condition, was nothing more than harmless error, as the cervical condition itself was found to be severe, and the limitations associated with Foley's neck and head

---

[1] The facts, ALJ's findings, legal framework for assessing a disability claim and standard for review of an administrative decision were appropriately summarized by the Magistrate Judge. Accordingly, we incorporate them by reference in this Opinion.

3

> pain were adequately addressed by the ALJ in his assessment of
> Foley's residual functional capacity.

*See* Report and Recommendation pp. 15-16 (emphasis in original).

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ's error was harmless, because he contends that the record was replete with multiple references to the extreme nature and scope of his headache disorder which was not cervical related. See Exceptions [Doc. No. 31] p. 1. However, the record predominately reflects Plaintiff's headache pain was closely associated with his cervical pain (AR 84; 86; 254; 271; 292; 302), and Plaintiff himself testified that his headaches began when he started experiencing neck pain (AR 385). Therefore, to the extent that Plaintiff's headaches are associated with his cervical disorder, we adopt the Magistrate Judge's conclusions in this regard. *See Salles v. Commissioner of Social Security*, 228 Fed.Appx. 140, 145 n. 2 (3rd Cir. 2007) (finding other impairments non-severe harmless error because ALJ found in claimant's favor at step two); *Kreuzberger v. Astrue,* 2008 WL 2370293 at *8 (W.D.Pa. 2008) (finding that even if ALJ had erroneously concluded that an impairment was not severe, error was harmless since ALJ found in claimant's favor at step two and proceeded with the sequential analysis).

The record also reflects, however, that Plaintiff reportedly suffered from headaches as a child (AR 245), and Dr. McLaughlin, a consultative examiner, diagnosed Plaintiff with a "headache disorder," which appeared to be mixed, "[p]robable migraine based upon his childhood experience" and "[p]ossible bruxism" (AR 284-285). The mere existence of a diagnosis however, does not demonstrate a disability. *Plummer v. Apfel,* 186 F.3d 422, 434 (3rd Cir. 1999). The claimant must demonstrate that he suffers from functional limitations as a result of that impairment. *Adorno v. Shalala,* 40 F.3d 43, 46 (3rd Cir. 1994). Significantly, the medical records do not state or imply that Plaintiff's headache symptoms related to his "probable" migraine and/or "possible" bruxism diagnosis imposed restrictions or limitations regarding the type of work Plaintiff was able to perform or had any impact on his ability to perform basic work activities. To the contrary, Dr. McLaughlin imposed no limitations and Dr. Aziz, another consultative examiner, imposed no limitations (AR 86-88; 284-285). Dr. Sutton's assessment of Plaintiff's ability to perform work related activities was based upon Plaintiff's lower back and cervical spine issues (AR 322-323). Moreover, Plaintiff has failed to point to any functional

4

limitations resulting from his headache disorder that were not already considered in connection with his cervical condition. Therefore, to the extent Plaintiff contends he suffers from a severe headache impairment separate and unrelated to his cervical condition that imposes additional functional restrictions, we conclude that the ALJ's non-severity finding in this regard is supported by substantial evidence and overrule Plaintiff's objection to the Magistrate Judge's report on this additional ground.

### IV. Conclusion

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. MONTGOMERY FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-72 Erie |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 31st day of July, 2008; and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiff's Exceptions to the Magistrate Judge's Report and Recommendation are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Doc. No. 25] is DENIED and Defendant's Motion for Summary Judgment [Doc. No. 27] is GRANTED.

JUDGMENT is hereby entered in favor of Defendant, Michael J. Astrue, Commissioner of Social Security and against Plaintiff, T. Montgomery Foley.

The Report and Recommendation [Doc. No. 30] of Magistrate Judge Baxter, filed on May 20, 2008, is adopted as the opinion of the Court.

The clerk is directed to mark the case closed.

                                                              s/    Sean J. McLaughlin
                                                                   United States District Judge

cm:    All parties of record
          Susan Paradise Baxter, U.S. Magistrate Judge